**Opinion issued June 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-10-00761-CR**

**NO. 01-10-00762-CR**

————————————

**WILLIAM SOLOMON LEWIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 59246 and 59247**

**MEMORANDUM OPINION ON REHEARING**

On March 31, 2011, this Court, acting sua sponte, dismissed the appeals

brought by appellant, William Solomon Lewis. Lewis filed a motion for rehearing,

and this Court requested a response from appellee, the State of Texas. We grant

appellant's motion to withdraw our opinion and judgment, vacate our March 31, 2011 judgments, withdraw our March 31, 2011 opinion, and issue this opinion in its place.

We dismiss each appeal for want of jurisdiction.

## Background

Appellant, William Solomon Lewis, was charged under two different cause numbers in Brazoria County, Texas. Appellant represents that he was acquitted under one cause and that the other cause is still pending. On August 31, 2009, the trial court for both cases issued an order for payment of appellant's attorney's fees. The order required the fees to be paid from money deposited in the trial court's registry.

On August 23, 2010, appellant filed a notice of appeal for each cause, challenging the trial court's award of attorney's fees.[1] On March 31, 2011, this Court, acting sua sponte, dismissed the appeals, holding that appellant's notices of

---

[1] It is not entirely clear from the record whether the document filed by appellant was intended to be a notice of appeal of the trial court's August 31, 2009 order or a motion to challenge the propriety of the amount awarded in that order. This ambiguity was resolved by appellant on appeal. In his motion for rehearing, appellant agrees with this Court's characterization—in our previous opinion—of the document as a notice of appeal.

appeal were not timely.[2]  Appellant filed a timely motion for rehearing on May 4, 2011.

## Appellate Jurisdiction

The notice of appeal in a criminal matter must be filed by a defendant "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order."  TEX. R. APP. P. 26.2(a)(1). When the appeal concerns a matter other than the imposition or suspension of a sentence, the appellate timetable begins with the signing of the particular order. *Rodarte v. State*, 860 S.W.2d 108, 109, 110 (Tex. Crim. App. 1993).

The order about which appellant complains was signed on August 31, 2009. He did not file his notice of appeal until almost a year later.  In his motion for rehearing, appellant argues he had a year to appeal the order.  He bases this argument on article 103.008 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006).  Pursuant to article 103.008, a defendant has one year after the date of the final disposition of a case in which costs were imposed *to file a motion* seeking to correct any error in the costs. *Id.*

The August 31, 2009 order was signed under the authority of article 26.05 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art.

---

[2]   *See Lewis v. State*, 01-10-00761-CR, 01-10-00762-CR, 2011 WL 1234552 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.).

26.05(g) (Vernon Supp. 2011). Pursuant to article 26.05, a court may order a defendant to pay all or part of the costs of legal services provided in circumstances when the State is otherwise obligated to pay for those services. *Id.* The court can order the defendant "to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." *Id.*

Appellant has not been convicted under either cause. It is unclear, then, whether the order to pay for legal services from money deposited in the court's registry is properly characterized as a court cost. *See id.* It is also unclear whether the Legislature intended for an order to pay attorney's fees under article 26.05 to be part of the challengeable court costs under article 103.008.

We do not need to resolve either of these matters in this opinion, however. Assuming without deciding that the order to pay for legal services constitutes a court cost and further assuming without deciding that it is within the category of costs that can be challenged within one year of the final disposition of a case, the State correctly points out that appellant never did, in fact, challenge the cost. That is, appellant had one year after the date of the final disposition of each cause to file a motion with the trial court seeking to correct any errors in the cost. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a). Appellant has not done so.

Even if he had filed a motion, however, appellant was also required to obtain a ruling from the trial court. *See* TEX. R. APP. P. 26.2(a) (requiring notice of appeal

within 30 days "after the day the trial court enters an appealable order"); *see also* TEX. R. APP. P. 33.1(a)(2) (requiring a ruling or refusal to rule from trial court to preserve error for appeal). If there is no order from the trial court ruling on the motion to correct any errors regarding costs, it cannot be said that appellant has timely appealed from the order. If the appeal is not timely, we lack jurisdiction to consider the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

The order about which appellant complains in his notice of appeal, the initial order awarding attorney's fees, was signed almost one year before the notice of appeal was filed. This is outside the period to file a timely appeal. TEX. R. APP. P. 26.2(a). There is no other, more recent order from which appellant can appeal. Accordingly, we lack jurisdiction over these two appeals.

## Conclusion

We dismiss the appeals for want of jurisdiction.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).